1

2

_____FILED   _____ENTERED
_____LODGED_____RECEIVED

**DEC 18 2006**   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                              DEPUTY

06-CV-01799-CMP

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

8

9   JAMES D. BRYANT,                        )   Case No. **CV6 1799RSM**
                                            )
10            Plaintiff,                     )
                                            )
11   vs.                                     )   **COMPLAINT FOR DAMAGES**
                                            )   **AND OTHER RELIEF**
12   SHARI'S MANAGEMENT CORPORATION )
     d/b/a SHARI'S RESTAURANTS; DOES 1-     )
13   10; and CORPORATIONS A-Z,              )   **JURY DEMAND**
                                            )
14            Defendants.                    )
                                            )
15

16        Plaintiff, James D. Bryant, by and through his attorneys, Law Offices of Elena E. Tsiprin,

17   complains against Defendant, Shari's Management Corporation d/b/a Shari's Restaurants

18   (hereinafter Defendant) as follows:

19                          **NATURE OF THE ACTION**

20        1.        This is an action brought pursuant to the Title VII of the Civil Rights Act of 1964,

21   42 U.S.C. § 2000e, et seq. (Title VII) and 42 U.S.C. § 1981 for race discrimination and

22   retaliation for having complained of race discrimination

23        2.        Plaintiff seeks compensatory damages, punitive damages, pre-judgment interest,

24   attorneys' fees, litigation expenses and costs, and other relief.

25

COMPLAINT FOR DAMAGES - 1                    LAW OFFICES OF ELENA E. TSIPRIN
                                             14670-NE 8TH STREET, SUITE 210
**ORIGINAL**                                 BELLEVUE, WASHINGTON 98007
                                             TELEPHONE: (425) 614-4744
                                             FACSIMILE: (425) 614-4745

1

## PARTIES, JURISDICTION, AND VENUE

2       3.     Plaintiff, James D. Bryant, is a married man of legal age.  He is a resident of the

3  State of Washington residing in Snohomish County, within this judicial district.  At all relevant

4  times, Plaintiff was an employee of Defendant.

5       4.     Defendant, Shari's Management Corporation, on information and belief, is

6  incorporated in the State of Delaware, has its principal place of business in Beaverton, Oregon,

7  and is doing business in the State of Washington and within this judicial district.  At all relevant

8  times, Defendant was an employer within the meaning of Title VII.

9       5.     Docs 1-10 represent defendants unknown to Plaintiff at this time that may be

10  connected to Defendant(s) named above and to this action.  These defendants may include, but

11  are not limited to, supervisors, agents, officers, employees, and other representatives.

12       6.     Corporations A-Z represent corporations unknown to Plaintiff at this time that

13  may be connected to Defendant(s) named above and to this action.  These defendants may

14  include, but are not limited to, Defendant(s) subsidiaries, parents, affiliates, and other entities.

15       7.     Jurisdiction in conferred on this Court by Title VII of the Civil Rights Act of

16  1964, 42 U.S.C. § 2000e-5(f), by 42 U.S.C. § 1981, and by 28 U.S.C. § 1331 as this matter

17  involves a federal question.

18       8.     The workplace where the complained of acts occurred is in Snohomish County,

19  Washington.  Venue is proper in the District Court for the Western District of Washington

20  because a substantial part of the events giving rise to the claims occurred in Snohomish County.

21

## PROCEDURAL PREREQUISITES

22       9.     On December 19, 2005, Plaintiff filed a charge of discrimination against

23  Defendant with the Equal Employment Opportunity Commission ("EEOC").

24       10.    More than sixty days have elapsed since Plaintiff filed his charge with the EEOC.

25

COMPLAINT FOR DAMAGES - 2

LAW OFFICES OF ELENA E. TSIPRIN
14670-NE 8TH STREET, SUITE 210
BELLEVUE, WASHINGTON 98007
TELEPHONE: (425) 614-4744
FACSIMILE: (425) 614-4745

11.     Plaintiff received a right to sue letter dated September 19, 2006, and fewer than ninety days have elapsed since Plaintiff received the same.

## FACTUAL BACKGROUND

12.     Plaintiff was hired by Defendant in September of 2002 to work as a cook at its Mill Creek, Washington location.

13.     On numerous occasions, plaintiff was repeatedly singled out for harassment and discrimination because of his race by his store manager, Mr. John Jenkins Sr.  The harassment and discrimination took the form of verbal assault, including degrading and racial comments, and unwarranted and/or inconsistent punishment.

14.     In December of 2003, Mr. Jenkins Sr. told Plaintiff that he needed a new health card.  Plaintiff knew his health card remained valid, and asked to see it.  Mr. Jenkins Sr. said he did not know what he had done with it.  Mr. Jenkins Sr. wrote up Plaintiff two times for not having a valid health card.  Plaintiff had to retake the class and test, which he passed.  Mr. Jenkins Sr. told Plaintiff that he could not believe that Plaintiff had passed and that he must have cheated.  Then, Mr. Jenkins Sr. told Plaintiff he could not find his test, and that if it did not show up, he would fire Plaintiff's "black ass."  He said, "you can go collect your unemployment like all the rest of your people."  Later, Plaintiff asked Mr. Jenkins Sr. about his test and health card, and Mr. Jenkins Sr. told Plaintiff that he had had the health card all along and wanted to see how much pressure Plaintiff could take.  When Plaintiff asked Mr. Jenkins Sr. to take the two write-ups out of his file, Mr. Jenkins Sr. refused.

15.     After this incident, Mr. Jenkins Sr. asked Plaintiff how he would handle a customer who was not happy with their food.  He then said: "I don't mean pull out a gun and shoot the customer – you know how you people handle problems.  I'm talking about the white person way."  Mr. Jenkins Sr. then said: "Oh, I'm sorry, you're not Black, you just need to pull that mask off – oh yeah, that's right, you can't take it off.  At least at Halloween time you don't

COMPLAINT FOR DAMAGES - 3

LAW OFFICES OF ELENA E. TSIPRIN
14670-NE 8TH STREET, SUITE 210
BELLEVUE, WASHINGTON 98007
TELEPHONE: (425) 614-4744
FACSIMILE: (425) 614-4745

1  have to buy a mask." Plaintiff asked his store manager not to talk to him that way, to which Mr.

2  Jenkins Sr. replied: "No, you like it. Don't cry little girl." After this incident, Mr. Jenkins Sr.

3  often laughed at Plaintiff and called his face a mask.

4      16.    In 2004, Plaintiff asked his store manager if he could start manager training. Mr.

5  Jenkins Sr. said that Plaintiff could take the classes. However, the next time such training was

6  offered, Mr. Jenkins Sr. sent two white employees. Plaintiff asked why he was not allowed to

7  attend, and Mr. Jenkins Sr. said that he had forgotten about him. Eventually, Plaintiff was

8  permitted to take the management classes, and he scored a 97% on the test. Mr. Jenkins Sr. told

9  Plaintiff that he must have cheated and that he could not believe that Plaintiff had passed at all.

10  A white woman Plaintiff attended the training with was promoted to assistant manager. Plaintiff

11  was never promoted.

12      17.    When Plaintiff was not promoted, he asked Mr. Jenkins Sr. about it. Mr. Jenkins

13  Sr. said that he knew Plaintiff was a hard worker, and he asked Plaintiff to go to his office with

14  him. Once there, Mr. Jenkins Sr. told Plaintiff that Washington is a very prejudiced state and he

15  could not "put a Nigger out front, trying to tell white people what to do." Plaintiff replied that he

16  could not believe his store manager had just called him a Nigger, but Mr. Jenkins Sr. just said

17  that he could not put a Black man out front. Mr. Jenkins Sr. then said that if Plaintiff was

18  pressured by a customer, he could "just see you pulling out a gun and killing everyone in the

19  restaurant."

20      18.    The same month that the above incident occurred, Plaintiff contacted his district

21  manager, Mr. Martin Turner, to complain about what Mr. Jenkins Sr. had said. A few weeks

22  later, Mr. Jenkins Sr. took a leave of absence. However, Mr. Turner never told Plaintiff the

23  outcome of his investigation nor if Mr. Jenkins Sr.'s absence was related to Plaintiff's complaint.

24      19.    Mr. Jenkins Sr. was replaced by his son, Mr. John Jenkins Jr. Thereafter, Plaintiff

25  was written up for every slight infraction when other employees were not even reprimanded. On

COMPLAINT FOR DAMAGES - 4

LAW OFFICES OF ELENA F. TSIPRIN
14670-NE 8TH STREET, SUITE 210
BELLEVUE, WASHINGTON 98007
TELEPHONE: (425) 614-4744
FACSIMILE: (425) 614-4745

1   July 9, 2005, Mr. Jenkins Jr. fired Plaintiff in retaliation for the complaint Plaintiff had made

2   against Mr. Jenkins Sr.

3        20.    As a result of his unlawful termination, Plaintiff has had difficulty finding suitable

4   replacement employment.

5        21.    As a result of the above-described acts, Plaintiff has suffered and continues to

6   suffer severe emotional distress.

7                       **COUNT I:  RACE DISCRIMINATION**

8        22.    The allegations contained in paragraphs 1 through 21 are hereby incorporated by

9   reference.

10        23.    Plaintiff's race was a determining factor in Defendant's decision not to promote

11   Plaintiff to assistant manager and in terminating Plaintiff's employment.

12        24.    Defendant knowingly and willfully discriminated against Plaintiff on the basis of

13   his race in violation of Title VII.

14                 **COUNT II:  HOSTILE WORK ENVIRONMENT**

15        25.    The allegations contained in paragraphs 1 through 24 are hereby incorporated by

16   reference.

17        26.    The outrageous and repeated racial slurs and epithets, including use of the word

18   "Nigger," directed at Plaintiff by his store manager created a hostile work environment based on

19   racial harassment.

20        27.    By subjecting Plaintiff to a racially-motivated hostile work environment,

21   Defendant violated Title VII.

22                     **COUNT III:  RETALIATION**

23        28.    The allegations contained in paragraphs 1 through 27 are hereby incorporated by

24   reference.

25

COMPLAINT FOR DAMAGES - 5

LAW OFFICES OF ELENA E. TSIPRIN

14670-NE 8TH STREET, SUITE 210
BELLEVUE, WASHINGTON 98007
TELEPHONE: (425) 614-4744
FACSIMILE: (425) 614-4745

1   29.     In March of 2005, the district manager learned of Mr. Jenkins Sr.'s racially

2   discriminatory remarks to Plaintiff.

3   30.     On information and belief, the store manager went on extended leave, but

4   Defendant brought in the store manager's son to manage the restaurant during the store

5   manager's absence.

6   31.     The new manager terminated Plaintiff's employment.   Plaintiff's race and

7   underlying complaints were a determining factor in Defendant's decision to terminate Plaintiff.

8   32.     Defendant's termination of Plaintiff's employment was in retaliation against

9   Plaintiff for his having complained of race discrimination.

10   **COUNT IV:  VIOLATION OF 1981**

11   33.     The allegations contained in paragraphs 1 through 32 are hereby incorporated by

12   reference.

13   34.     By discriminating against Plaintiff because of his race, Defendant violated 42

14   U.S.C. § 1981.

15   **COUNT V:  MENTAL AND EMOTIONAL DISTRESS**

16   35.     The allegations contained in paragraphs 1 through 34 are hereby incorporated by

17   reference.

18   36.     Defendant's actions and conduct described herein constitute intentional and/or

19   negligent infliction of emotional distress.

20   37.     As a result of Defendant's actions, Plaintiff has suffered irreparable injuries,

21   including but not limited to loss of pay, benefits, and other economic losses, emotional pain and

22   suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible

23   injuries for all of which he should be compensated.

24

25

COMPLAINT FOR DAMAGES - 6

LAW OFFICES OF ELENA E. TSIPRIN
14670-NE 8TH STREET, SUITE 210
BELLEVUE, WASHINGTON 98007
TELEPHONE: (425) 614-4744
FACSIMILE: (425) 614-4745

1    WHEREFORE, Plaintiff respectfully requests judgment and relief against Defendants for

2  an amount to be proven at trial, consisting of, but not limited to:

3    A.    For all compensatory damages, including back pay, front pay, and pre-judgment

4            interest;

5    B.    For punitive damages with respect to the statutory claims in an amount being just;

6    C.    For reasonable costs and litigation expenses, including attorneys' fees; and

7    D.    For all other equitable and legal relief to which Plaintiff appears entitled.

8

9    DATED this 18th day of December, 2006.

10

11                                    *LAW OFFICES OF ELENA E. TSIPRIN*

12

13    _____
      Elena E. Tsiprin, WSBA #30164
14    Attorney for Defendant
      James D. Bryant
15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES - 7

LAW OFFICES OF ELENA E. TSIPRIN
14670-NE 8TH STREET, SUITE 210
BELLEVUE, WASHINGTON 98007
TELEPHONE: (425) 614-4744
FACSIMILE: (425) 614-4745